UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SHAWN WINKELMAN, | Case No. 25-CV-3841 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| CAROLINA BREWING COMPANY, LLC d/b/a COLD SPRING BREWING COMPANY, | |
| Defendant. | |

Naomi Martin, STORMS DWORAK LLC, for plaintiff.

Allyson J. Petersen Francis & Kurt J. Erickson, LITTLER MENDELSON, P.C., for defendant.

Plaintiff Shawn Winkelman is a former employee of defendant Carolina Brewing Company, LLC d/b/a Cold Spring Brewing Company ("Cold Spring").  Winkelman brought this action in state court asserting state-law claims for disability discrimination (Count 1), wrongful termination (Count 2), and workers' compensation retaliation (Count 3).  ECF No. 1-1 ¶¶ 68–93.  Cold Spring purported to remove *some*—but not *all*—of those claims to federal court on the basis of diversity jurisdiction.  ECF No. 1 ¶¶ 4–7.  This matter is now before the Court on Winkelman's motion to remand.  ECF No. 4.  For the reasons stated below, Winkelman's motion is granted.

A claim arising under a state's workers' compensation laws—such as Count 3 of Winkelman's state-court complaint—"may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).  ECF No. 1-1 ¶¶ 86–93.  Presumably recognizing this limitation, Cold Spring's notice of removal purports to remove only "Counts I and II to the Court pursuant to 28 U.S.C. §§ 1441 and 1446."  ECF No. 1 at ¶ 4.  But § 1441 does not permit a defendant to remove only *part* of a state-court action to federal court. Instead, when a civil action includes "a claim that has been made nonremovable by statute," the "*entire action* may be removed."  28 U.S.C. § 1441(c)(1)(B) (emphasis added).  Once removed, it is for the district court—not the removing party—to "sever from the action" all nonremovable claims and "remand [those] severed claims to the State court from which the action was removed."  28 U. S.C. § 1441(c)(2).

Because Cold Spring failed to comply with the removal procedure prescribed by § 1441(c)(1)(B), the removal was improper, and remand is required.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to remand [ECF No. 4] is GRANTED.

2. Pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Minnesota District Court, Seventh Judicial District.

Dated:  December 23, 2025          /s/ Patrick J. Schiltz               
                                   Patrick J. Schiltz, Chief Judge
                                   United States District Court